UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------
ARTHUR LAUREY,

                    Plaintiff,

  -against-                                6:08-cv-06374-DGL-MWP

CHEMUNG COUNTY; CHEMUNG COUNTY
SHERIFF'S OFFICE; and
SHERIFF CHRISTOPHER MOSS;
SERGEANT DAN HOWE; and CAPTAIN WILSON;
in their individual and official
capacities

                    Defendants.

------------------------------------

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

**I.    INTRODUCTION**

    Plaintiff, Arthur Laurey, respectfully submits this Memorandum of Law in Support of his Motion for Leave to File an Amended Complaint pursuant to Federal Rule Civil Procedure 15(a). A copy of Plaintiff's proposed Amended Complaint is attached hereto as Exhibit 1.

    Plaintiff's motion for leave to amend his complaint should be granted. Leave to amend is freely granted pursuant to Fed. R. Civ. P. 15(a). Here, Defendants cannot show prejudice, undue delay, futility or bad faith by Plaintiff, and no discovery has yet been conducted in this action.

## II. STATEMENT OF FACTS

Please refer to the Statement of Facts set forth in Plaintiff's proposed First Amended Complaint.

## III. LEGAL ARGUMENT

### A. Leave to Amend Complaint is Freely Given

Fed. R. Civ. P. 15(a) provides that leave to amend "shall be freely given when justice so requires." See also Foman v. Davis, 371 U.S. 178, 182 (1962). The decision of whether to grant leave to amend is committed to the sound discretion of the Court. See Id. Leave to amend is freely given unless the opposing party can show undue prejudice, bad faith, or dilatory motive on behalf of the moving party. See Id. Moreover, "[m]ere delay... absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to deny the right to amend." Block v. First Blood Associates, 988 F.2d 344, 350 (2d Cir. 1993)(quotation omitted).

The Second Circuit has held that "[t]he rule in this Circuit has been to allow a party to amend its pleadings in the absence of a showing by the nonmovant of prejudice or bad faith." Id. "[A]s a general matter, amendments are favored to 'facilitate a proper decision on the merits.'" Black Radio Network, Inc. v. Nynex Corp., 44 F.Supp.2d 565,573 (S.D.N.Y. 1999)(quoting Conley v. Gibson, 355 U.S. 41, 48 (1957)). See Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234 (2d

2

Cir. 1995)("The Supreme Court has emphasized that amendment should normally be permitted and has stated that refusal to grant leave without justification is 'inconsistent with the spirit of the Federal Rules'") (quoting Foman, 371 U.S. at 182); Dooner v. Nmi Ltd., 725 F.Supp. 153, 157 (S.D.N.Y. 1989).

"Courts have generally found that when a party states a colorable claim for relief, an amendment should be allowed unless to do so would unduly prejudice the opposing party." Ryan v. Allen, 992 F.Supp 152, 155 (N.D.N.Y. 1998). To determine prejudice, the Courts consider whether the amendment "would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." Block, 988 F.2d at 350; Ryan, 992 F.Supp at 155.

"Generally, consideration of the evidentiary basis for a proposed claim is inappropriate. 'On a motion for leave to amend, the court need not finally determine the merits of a proposed claim or defense, but must merely satisfy itself that it is colorable and not frivolous.'" HCC, Inc. v. R.H. & M. Machine Co., 29 F.Snpp.2d 317, 324 (S.D.N.Y. 1999)(quotation omitted).

The Court should grant Plaintiff's motion on the ground that his proposed Amended Complaint will not prejudice Defendant

3

or delay resolution of this action in any way. No discovery has been conducted in this case yet. Thus, Defendants will have ample time to conduct full discovery and prepare for trial. Courts have granted motions to amend where, as here, discovery has not yet begun. See Ryan, 992 F.Supp at 155; Frederick Fell Publishers, Inc. v. Lorayne, 422 F.Supp. 808, 811 (S.D.N.Y. 1976).

Moreover, Plaintiff's motion is not brought in bad faith. Plaintiff seeks leave to amend his complaint to move forward with his claims on the merits. From the outset, Defendants have known and have been aware of its allegations.

## IV.   CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests that the Court grant his motion for leave to file his First Amended Complaint in this action.

                    Respectfully submitted,

                    COHN LIFLAND PEARLMAN HERRMANN & KNOPF LLP

                    By: _____
                        Marc W. Garbar
                    Attorneys for Plaintiff
                    Park 80 Plaza West One
                    Saddle Brook, New Jersey   07633
                    (201) 845-9600

TO:   Donald S. Thomson
      Davidson & O'Mara, P.C.
      243 Lake Street
      Elmira, New York   14901
      Attorneys for Defendants