UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ARTHUR LAUREY,

     Plaintiff,

   v.

CHEMUNG COUNTY SHERIFF'S OFFICE,
et al.,

     Defendants.

_____

<u>DECISION & ORDER</u>

08-CV-6374L

   This Court previously issued an order awarding attorney's fees to plaintiff under Rule 37 of the Federal Rules of Civil Procedure in connection with plaintiff's motion to compel discovery. (Docket # 30). That order directed plaintiff's counsel to submit an affidavit detailing his fees and allowed defendants to respond to plaintiff's request. (*Id*.). Plaintiff's counsel submitted an affidavit, accompanied by a summary of his billing records, requesting fees in the amount of $6,370, which represented 19.6 hours of work at a billing rate of $325 per hour. (Docket # 32). Defendants opposed that request as excessive. (Docket # 34). Plaintiff's counsel thereafter agreed to reduce his hourly billing rate to $240 and to make certain adjustments to the time records. (Docket # 35). At the same time, he sought reimbursement for an additional 19.2 hours of work by him and two of his associates on the reply affirmation to defendants' opposition. (*Id*.). Counsel now seeks fees in the amount of $7,452. For the reasons discussed below, plaintiff is hereby awarded attorney's fees in the amount of $4,668.

## **DISCUSSION**

Under Rule 37 of the Federal Rules of Civil Procedure, the prevailing party on a motion to compel may recover "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). An award of reasonable attorney's fees is typically calculated using the lodestar methodology, which requires the court to determine counsel's reasonable hourly rate and multiply it by the reasonable number of hours expended by counsel; that figure may then be adjusted in the district court's discretion. *See, e.g.*, *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1672 (2010) ("the lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence") (internal quotation omitted); *Grievson v. Rochester Psychiatric Ctr.*, 746 F. Supp. 2d 454, 460-61 (W.D.N.Y. 2010); *Jack v. Golden First Mortg. Corp.*, 2008 WL 2746314, *2 (E.D.N.Y. 2008); *Moreno v. Empire City Subway Co.*, 2008 WL 793605, *2 (S.D.N.Y. 2008). *See also Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 190 (2d Cir. 2008) (lodestar figure is the "presumptively reasonable fee").

In this case, plaintiff's counsel has requested an award of $7,452, based on 28.8 hours of work by him at an hourly rate of $240 and 5.4 hours of work by two of his associates at $100 per hour. (Docket # 35). The work for which he seeks reimbursement was undertaken during a five-month period in 2010 and includes communications between plaintiff's counsel and defendants' counsel in an effort to obtain the requested discovery without court involvement, drafting and filing plaintiff's motion to compel and preparing the subsequent affirmations detailing the hours expended in these endeavors and addressing defendants' objections to the fees sought.

2

Defendants' counsel objected to the original hourly rate of $325 requested by counsel.  (Docket # 34).  Following the objection, counsel agreed to reduce his rate to $240.  (Docket # 35).  Based upon my familiarity with prevailing hourly rates in this district, I find that counsel's requested rate of $240 per hour is reasonable for an attorney of Mr. Garbar's experience.  *See Grievson v. Rochester Psychiatric Ctr.*, 746 F. Supp. 2d at 463-65 (compiling caselaw setting rates between $175 and $250 per hour depending upon attorney's level of experience).

Defendants also objected to the number of hours for which reimbursement is sought.  Hours that are "excessive, redundant, or otherwise unnecessary" should be excluded from the award as unreasonably expended.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  "In calculating the number of reasonable hours, the court looks to its own familiarity with the case and its experience with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties."  *Clark v. Franke*, 960 F.2d 1146, 1153 (2d. Cir. 1992) (internal quotation omitted).  One way to accomplish that reduction is to evaluate the reasonableness of each individual time entry and to make reductions and exclusions as necessary.  *See, e.g.*, *Pasternak v. Baines*, 2008 WL 2019812, *7 (W.D.N.Y. 2008); *Rich Prods. Corp. v. Impress Indus.*, 2008 WL 203020, *3 (W.D.N.Y. 2008).  Another "practical means of trimming the fat" is to apply a reasonable percentage reduction to the total number of hours requested.  *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (internal quotation omitted).  *See, e.g.*, *Simmonds v. New York City Dep't of Corr.*, 2008 WL 4303474, *8 (S.D.N.Y. 2008) (applying 40% reduction); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 541 (S.D.N.Y. 2008) (applying 15% reduction); *Moreno v. Empire City Subway Co.*, 2008 WL 793605, *6 (S.D.N.Y. 2008) (applying

3

15% reduction); *Anderson v. Rochester-Genesee Reg'l Transp. Auth.*, 388 F. Supp. 2d 159, 167

(W.D.N.Y. 2005) (applying 20% reduction); *Elliott v. Bd. of Educ. of Rochester City Sch. Dist.*,

295 F. Supp. 2d 282, 286 (W.D.N.Y. 2003) (applying 10% reduction); *Auscape Int'l v. Nat'l*

*Geographic Soc'y*, 2003 WL 21976400, *5 (S.D.N.Y. 2003) (applying 20% reduction); *Sabatini*

*v. Corning-Painted Post Area Sch. Dist*., 190 F. Supp. 2d 509, 522 (W.D.N.Y. 2001) (applying

15% reduction).

Plaintiff's counsel has submitted an affirmation attesting that he spent 28.8 hours

in connection with this motion and his associates spent 5.4 hours.  Further, he has submitted

copies of contemporaneous billing records detailing the manner of his work that is encompassed

in that figure.  I have carefully reviewed counsel's submission and time records and find, based

upon that review and my familiarity with this matter, that the time logged appears excessive for

the work undertaken.  For example, a review of the billing records reveals that counsel has

charged 10.3 hours for the motion to compel, which was neither "unusual [n]or complex."  *Rich*

*Prods. Corp. v. Impress Indus*., 2008 WL 203020 at *3 (reducing claim for 7.6 hours for simple

motion to compel to 3 hours) (citing *Sheehy v. Wehlage*, 2007 WL 148750 (W.D.N.Y. 2007)).

*See also Jack v. Golden First Mortg. Corp*., 2008 WL 2746314 at *2 (finding 3.75 hours

reasonable for drafting motion to compel).  The records also reflect a total of 18.8 hours devoted

to the preparation of the affirmations detailing the fees requested, 15.3 of which were spent on

the reply.  In addition, as plaintiff's counsel appears to acknowledge through his agreement to

reduce certain entries, some of the entries appear related to scheduling depositions and other

tasks not directly related to the motion at issue.  Based upon my thorough review of the records, I

find that Mr. Garbar's hours should be reduced to 17.2 hours.  That total includes 1 hour drafting

a letter in an attempt to resolve the dispute, 5 hours preparing the motion to compel, 7.3 hours

drafting counsel's affirmation detailing his hours and 3.9 hours on other tasks, such as

correspondence to and communications with the Court.  At a rate of $240 per hour, and adding

the $540 fee for his associates' time, the reasonable fees for which counsel should be paid total

$4,668.


## CONCLUSION

For the reasons discussed above, defendants' counsel is hereby ordered to pay

plaintiff's counsel the sum of $4,668 in attorney's fees by no later than thirty (30) days from the

date of this Order.

**IT IS SO ORDERED.**


_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
April  26  , 2011